IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-02764-BNB

WILLIAM GILMORE,

    Plaintiff,

v.

ARISTEDES ZAVARAS, Exec. Dir. CODOC, and
COLORADO DEPARTMENT OF CORRECTIONS, CDOC,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO
JAN -3 2011
GREGORY C. LANGHAM
    CLERK

## ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

Plaintiff, William Gilmore, is a prisoner in the custody of the Colorado Department of Corrections and is incarcerated at the Colorado Territorial Correctional Facility in Cañon City, Colorado. Mr. Gilmore, acting *pro se*, initiated this action by filing a Prisoner Complaint alleging that his constitutional rights are being violated. He asks for injunctive relief.

The Court must construe the Complaint liberally because Mr. Gilmore is a *pro se* litigant. **See Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. **See Hall**, 935 F.2d at 1110. For the reasons stated below, Mr. Gilmore will be ordered to file an Amended Complaint and assert how each named party violated his constitutional rights.

First, Mr. Gilmore is suing an improper party. Mr. Gilmore may not sue the Colorado Department of Corrections. The State of Colorado is protected by Eleventh

Amendment immunity. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989); *Meade v. Grubbs*, 841 F.2d 1512, 1525-26 (10th Cir. 1988). "It is well established that absent an unmistakable waiver by the state of its Eleventh Amendment immunity, or an unmistakable abrogation of such immunity by Congress, the amendment provides absolute immunity from suit in federal courts for states and their agencies." *Ramirez v. Oklahoma Dep't of Mental Health*, 41 F.3d 584, 588 (10th Cir. 1994). The State of Colorado has not waived its Eleventh Amendment immunity, *see Griess v. Colorado*, 841 F.2d 1042, 1044-45 (10th Cir. 1988), and congressional enactment of 42 U.S.C. § 1983 did not abrogate Eleventh Amendment immunity, *see Quern v. Jordan*, 440 U.S. 332, 340-345 (1979).

Mr. Gilmore must assert personal participation by each named defendant. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Gilmore must name and show how each individual caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A defendant may **not** be held liable on a **theory of respondeat superior** merely because of his or her supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983). A supervisor is only liable for constitutional violations that they cause. *See Dodds v. Richardson, et al.*, 614 F.3d 1185, 1208-12 (10th Cir. 2010) (Tymkovich, J., concurring).

Mr. Gilmore also is instructed that to state a claim in federal court, he must explain in his Amended Complaint what each defendant did to him, when the defendant did the action, how the action harmed him, and what specific legal right he believes the defendant violated. **Nasious v. Two Unknown B.I.C.E. Agents**, 492 F.3d 1158, 1163 (10th Cir. 2007). Accordingly, it is

ORDERED that Mr. Gilmore file **within thirty days from the date of this Order** an Amended Complaint that is in keeping with the instant action. It is

FURTHER ORDERED that the Clerk of the Court mail to Mr. Gilmore, together with a copy of this Order, two copies of a Court-approved Prisoner Complaint form to be used in submitting the Amended Complaint. It is

FURTHER ORDERED that if Mr. Gilmore fails within the time allowed to file an Amended Complaint that complies with this Order, to the Court's satisfaction, the action will be dismissed without further notice. It is

FURTHER ORDERED that process shall not issue until further order of the Court. It is

FURTHER ORDERED that the Motion for Order for Service Assistance and to Cure Deficiency (Doc. No. 5) is denied as premature and as unnecessary.

DATED January 3, 2011, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-02764-BNB

William Gilmore
Prisoner No. 63549
Colorado Territorial Corr. Facility
P.O. Box 1010
Cañon City, CO 81215-1010

    I hereby certify that I have mailed two copies of this **ORDER and two copies of the Prisoner Complaint form** to the above-named individuals on January 3, 2011.

GREGORY C. LANGHAM, CLERK

By: _____
       Deputy Clerk