IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 10-cv-02764-MSK-BNB

WILLIAM GILMORE,

Plaintiff,

v.

ARISTEDES ZAVARAS, Exec. Dir.CO.D.O.C.,
ANTHONY A. DECESARO, Step 3 Grievance Officer,
JOAN M. SHOEMAKER, Deputy Director of Prisons, Clinical Services,
DOCTOR SHAMES, Access Correctional Care, Clinical Support Services,
DOCTOR ELIZABETH KRAFT, Colorado Access, and
JANE-JOHN DOE, Unknown Medical Staff,

Defendants.

_____

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

The plaintiff filed his Second Amended Prisoner Complaint on January 25, 2011 [Doc. #11] (the "Complaint'). On March 15, 2011, the district judge ordered the United States Marshal to make personal service if the Clerk of the Court was unable to obtain a waiver of service from the defendants [Doc. #21]. On March 16, 2011, a waiver of service was received from Teresa Reynolds, Legal Services Group Leader for the Colorado Department of Corrections ("DOC"), for several of the defendants [Doc. #22]. Ms. Reynolds did not waive and accept service for defendant Kraft, stating that "there is no current or [sic] record of a DOC employee by that name and she is not listed on the Panel of Medical Consultants."

The Complaint states that defendant Kraft is an employee of Colorado Access and that her address is 4025 Club Manor, Pueblo, CO 81008. On April 12, 2011, the Marshal filed a Process Receipt and Return which states that personal service was attempted on Kraft at the

Pueblo address but was unsuccessful [Doc. #25]. The Marshal states "Unable to locate. Does not work at the listed address. No listing for that name in the Pueblo area."

I ordered the plaintiff to show cause in writing on or before June 7, 2011, why the Complaint should not be dismissed as against defendant Kraft for failure to prosecute. See D.C.COLO.LCivR 41.1. I warned the plaintiff that in the event no such showing was made, I would recommend that the action be dismissed, without prejudice, against defendant Kraft for failure to prosecute. The plaintiff did not respond to my show cause order. Accordingly,

I respectfully RECOMMEND that the Complaint be DISMISSED WITHOUT PREJUDICE as against defendant Kraft for failure to prosecute.

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have 14 days after service of this recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives de novo review of the recommendation by the district judge, Fed.R.Civ.P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000). A party's objections to this recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review. United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated June 13, 2011.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge