IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 10-cv-02764-MSK-BNB

WILLIAM GILMORE,

        Plaintiff,

v.

ARISTEDES ZAVARAS, Executive Director CODOC;
ANTHONY A. DECESARO, Step 3 Grievance Officer;
JOAN M. SHOEMAKER, Deputy Director of Prisons, Clinical Services;
DOCTOR SHAMES, Access Correctional Care, Clinical Support Services; and
JAN-JOHN DOE, Unknown Medical Staff,

        Defendants.

_____

OPINION AND ORDER GRANTING MOTION TO DISMISS
_____

**THIS MATTER** comes before the Court pursuant to Mr. Gilmore's Motion for Default

Judgment and Motion for Summary Judgment (**# 26**)[1]; and Defendants Zavaras, DeCesaro,

Shoemaker, and Shames' Motion to Dismiss (**# 33**), and Mr. Gilmore's response (**# 36**).[2]

## FACTS

According to Mr. Gilmore's *pro se* Amended Complaint (**# 11**), Mr. Gilmore is an inmate

in the Colorado Department of Corrections ("CDOC").  The sequence of events at issue here is

somewhat difficult to ascertain, owing to Mr. Gilmore's lack of focus and reference to events

---

[1]The Court finds that, by operation of Fed. R. Civ. P. 4(d)(3), the Defendants did not
default, and thus, this motion is denied.

[2]The Court referred (**# 44, 45**) these motions to the Magistrate Judge for
recommendations.  By this Order, the Court withdraws those references.

dating back nearly two decades.  As best the Court can ascertain, Mr. Gilmore has suffered from maladies involving his feet and ankles for many years.  He alleges that in 1996, an orthopedist prescribed that both of Mr. Gilmore's angles be surgically repaired.  Although his right ankle was indeed repaired, he contends that no surgery was ever performed on his left ankle, even though such surgery had been "approved" at some point in time.

In or about 1997, Mr. Gilmore was prescribed orthotics, but that prescription was denied in April 1997 by Dr. Kraft[3] on behalf of Colorado Access.[4]

In or about 2001, a Dr. Patterson prescribed that Mr. Gilmore be provided with "ankle sleeves," but no such items were ever provided to Mr. Gilmore.

In 2004, Mr. Gilmore was seen by a Dr. Pohlman for an orthopedic consultation, and although Dr. Pohlman requested to see Mr. Gilmore again in 3 weeks, Defendant Shames "denied the follow up."

In October 2007, a Dr. Nakamura prescribed that Mr. Gilmore be assigned to a bottom bunk and be provided with an ankle brace and a "rocker bottom shoe."  Mr. Gilmore contends that he never received the rocker bottom shoe, and further, that he was never scheduled for a follow-up visit with Dr. Nakamura, even though such a visit was supposed to occur.  Mr. Gilmore contends that in February 2010, Defendant Shoemaker denied Mr. Gilmore's grievance

---

[3]Mr. Gilmore named Dr. Kraft as a defendant in this action, but by Order (# 43) of August 2, 2011, this Court dismissed the claims against Dr. Kraft without prejudice based on Mr. Gilmore's failure to effect service of process on her.

[4]As the Court understands, Colorado Access is a health care provider that contracts with CDOC to supply medical care to inmates.  Like any other health insurer, Colorado Access reviews prescriptions by doctors to ascertain whether Colorado Access will pay for the prescribed treatment.

with regard to the shoe request.

Based on these facts, Mr. Gilmore asserts a claim under 42 U.S.C. § 1983, founded in denial of his Eighth Amendment right to be free from deliberate indifference to his medical needs.  Mr. Gilmore also makes reference to a variety of state statutes, but it is not clear what state claims he purports to assert against the Defendants.

The Defendants move **(# 33)** to dismiss Mr. Gilmore's claims against them, arguing that: (i) the Defendants are immune from damages to the extent they are sued in their official capacities; (ii) Mr. Gilmore fails to adequately allege personal participation by Defendants Zavaras, DeCesaro, and Shoemakers in any constitutional deprivation; (iii) the claim asserted against Defendant Shames is barred by the statute of limitations; (iv) Mr. Gilmore fails to adequately plead an Eighth Amendment claim; and (v) the Defendants are entitled to qualified immunity.

## ANALYSIS

### A.  Standard of review

In reviewing a motion to dismiss pursuant to Rule 12(b)(6), the Court must accept all well-plead allegations in the Complaint as true and view those allegations in the light most favorable to the nonmoving party.  *Stidham v. Peace Officer Standards and Training*, 265 F.3d 1144, 1149 (10th Cir. 2001), *quoting Sutton v. Utah State Sch. For the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999).  The Court must limit its consideration to the four corners of the Amended Complaint, any documents attached thereto, and any external documents that are referenced in the Amended Complaint and whose accuracy is not in dispute. *Oxendine v. Kaplan*, 241 F.3d 1272, 1275 (10th Cir. 2001); *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 (10th Cir.

2002); *Dean Witter Reynolds, Inc. v. Howsam*, 261 F.3d 956, 961 (10ᵗʰ Cir. 2001).

A claim is subject to dismissal if it fails to state a claim for relief that is "plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). To make such an assessment, the Court first discards those averments in the Complaint that are merely legal conclusions or "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 1949-50. The Court takes the remaining, well-pled factual contentions as true and ascertains whether those facts (coupled, of course, with the law establishing the requisite elements of the claim) support a claim that is "plausible" or whether the claim being asserted is merely "conceivable" or "possible" under the facts alleged. *Id.* at 1950-51. What is required to reach the level of "plausibility" varies from context to context, but generally, allegations that are "so general that they encompass a wide swath of conduct, much of it innocent," will not be sufficient. *Khalik v. United Air Lines*, ___ F.3d ___, 2012 WL 364058 (10ᵗʰ Cir. 2012) (slip op.).

Mr. Gilmore proceeds *pro se*. The Court construes Mr. Gilmore's *pro se* pleadings liberally. *Haines v. Kerner,* 404 U.S. 519, 520-21 (1972). However, such liberal construction is intended merely to overlook technical formatting errors and other defects in his use of legal terminology and proper English. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). *Pro se* status does not relieve Mr. Gilmore of the duty to comply with the various rules and procedures governing litigants and counsel or the requirements of the substantive law, and in these regards, the Court will treat him according to the same standard as counsel licensed to practice law before the bar of this Court. *See McNeil v. U.S.*, 508 U.S. 106, 113 (1993); *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994).

### B.  Personal participation

The Court turns first to Defendants Zavaras, DeCesaro, and Shoemaker's argument that

Mr. Gilmore has failed to adequately plead their personal participation in his alleged

constitutional deprivation.  An essential element of a § 1983 claim is an allegation that each

named Defendant personally participated in the constitutional deprivation. *Dodds v. Richardson*,

614 F.3d 1185, 1194 (10th Cir. 2010).  A defendant may be liable for personally engaging in the

conduct constituting the deprivation, for controlling or directing the conduct, or for promulgating

and/or implementing an official policy that caused the conduct to occur.  *Martinez v. Milyard*,

440 Fed.Appx. 637, 638 (10th Cir. 2011) (unpublished), *citing Gallagher v. Shelton*, 587 F.3d

1063, 1069 (10th Cir. 2009) *and Dodds*, 614 F.3d at 1199.  Liability under § 1983 does not lie,

however, merely because an individual had general supervisory authority over another person

who actually commits a constitutional deprivation.  *Brown v. Montoya*, 662 F.3d 1152, 1164

(10th Cir. 2011).

Mr. Gilmore mentions Defendants DeCeasro and Shoemaker only in conjunction with

allegations that these Defendants rejected grievances that Mr. Gilmore filed.[5]  The 10th Circuit

has made clear that "merely denying grievances is not 'personal participation' that will support a

cause of action under § 1983."  *Snyder v. Harris*, 406 Fed.Appx. 313, 319 (10th Cir. 2011)

(unpublished); *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009).  Accordingly, Mr.

Gilmore has failed to plead a viable §1983 claim against these Defendants and they are entitled

---

[5]Mr. Gilmore does indicate that Defendant Shoemaker's title is "Deputy Director of Prisons, Clinical Services," a title that might suggest that Defendant Shoemaker has some direct responsibility for providing medical care.  But Mr. Gilmore does not allege any facts regarding Defendant Shoemaker's actions in the context of providing medical care, only in responding to his grievance.

5

to dismissal.

Mr. Gilmore's only allegation with regard to Defendant Zavaras is that Defendant Zavaras "is the Executive Director of the Department of Corrections," and thus, he is "responsible to secure health care for inmates."  He does not allege that Defendant Zavaras personally participated in any of the medical decisions at issue, that he specifically directed any of those decisions, or that he devised or implemented any particular policies with regard to those decisions.  It is clear that Mr. Gilmore seeks to hold Mr. Zavaras liable for the alleged constitutional deprivation simply because Mr. Zavaras has ultimate supervisory authority over those who actually performed the acts.  Because § 1983 liability cannot lie simply because of supervisory authority, Mr. Gilmore has failed to state a cognizable claim against Defendant Zavaras.  *See e.g. Sanaah v. Howell*, 384 Fed.Appx. 737 (10th Cir. 2010) (unpublished).  Thus, the claims against Defendant Zavaras as dismissed.

### C.  Statute of limitations

Finally, the Court turns to Mr. Gilmore's claims against Defendant Shames.  As noted above, the only specific mention Mr. Gilmore's Amended Complaint makes regarding Defendant Shames is that in 2004, Defendant Shames denied a request that Mr. Gilmore be seen by Dr. Pohlman for a follow-up visit.

In Colorado, claims under 42 U.S.C. §1983 are subject to a two-year statute of limitation.  *Fogle v. Slack*, 419 Fed.Appx. 860, 864 (10th Cir. 2011) (unpublished).  Here, Mr. Gilmore's claim against Defendant Shames accrued – and the statute of limitation began running – at the time Mr. Gilmore knew or should have known that his constitutional rights had been violated by Defendant Shames not scheduling the follow-up visit.  *See Fogle v. Pierson*, 435 F.3d 1252,

1258 (10th Cir. 2006). The Amended Complaint alleges that Mr. Gilmore was seen by Dr. Pohler on July 19, 2004, and that the requested follow-up visit – the visit Defendant Shames "rejected" – was to take place approximately 3 weeks later. It is not necessary for the Court to precisely identify the date upon which Mr. Gilmore's claim against Defendant Shames accrued; by any reasonable measure, that claim accrued sometime in 2004, and thus became untimely by 2006, several years before this case was filed in 2010. Accordingly, Mr. Gilmore's claims against Defendant Shames are dismissed as untimely.

## CONCLUSION

For the foregoing reasons, Mr. Gilmore's Motion for Default Judgment and for Summary Judgment (# 26) is **DENIED**. Defendants Zavaras, DeCesaro, Shoemaker, and Shames' Motion to Dismiss (# 33) is **GRANTED**, and the claims against those Defendants are **DISMISSED** in their entirety for the reasons set forth herein.[6] It appearing that there are no remaining

---

[6]Mr. Gilmore has not requested leave to replead any defective claims, and, based on the discussion herein, the Court has some doubt as to whether Mr. Gilmore could indeed plead viable claims against any of the Defendants. Accordingly, the Court will not reflexively grant Mr. Gilmore leave to replead. If Mr. Gilmore wishes to file a motion for leave to amend, accompanied by a proposed Second Amended Complaint that would allege cognizable claims against any Defendant, the Court will examine such motion on its merits.

Defendants upon whom service has been effected, the Clerk of the Court is directed to close this case.

Dated this 1st day of March, 2012

**BY THE COURT:**

Marcia S. Krieger
United States District Judge